IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANGKORN BUNTHONG<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>And<br><br>WUTTHICHAI CHOMDET<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFFS<br><br>v.<br><br>I-THAI, LLC<br>3003 M Street, NW<br>Washington, DC 20007<br><br>SERVE: D.C. Registered Agent, Inc.<br>1120 20th Street, NW, Suite S-300-RLK<br>Washington, DC 20036<br><br>DEFENDANT. | Case No.: |

## COMPLAINT

Plaintiffs Mankorn Bunthong ("Bunthong") and Wutthichai Chomdet ("Chomdet") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendant I-Thai, LLC ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") and for other damages as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of Maryland and Virginia.

2. By participating as named plaintiff in this action, Plaintiffs hereby consent to participate in an action under the FLSA, DCMWA, and DCWPA.

3. Defendant is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4. At all times relevant, Defendant operated continuously as a business entity in the District of Columbia.

5. More than 50% of Plaintiffs' job duties giving rise to this action occurred in the District of Columbia.

6. At all times Defendant used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, each year during Plaintiffs' employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiffs and other employees of Defendant were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiffs' "employer" for purposes of the FLSA, DCMWA, and DCWPA.

10. This Court has jurisdiction over Defendant pursuant to § 16(b) of the

FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Bunthong was employed by Defendant as a cook for the period of about November 2015 through December 2016 (about 56 weeks).

12. While employed, Defendant paid Bunthong as a day-rate employee at a day rate that gradually increased from $70.00 a day to the highest rate of $100.00 per day.

13. While employed, Bunthong typically worked at or about seventy (70) hours per week.

14. Chomdet was employed by Defendant as a cook for the period of about July 2016 through about December 2016 (about 24 weeks).

15. While employed, Defendant paid Chomdet as a day-rate employee at a day rate of $110.00 per day.

16. While employed, Chomdet typically worked at or about sixty (60) hours per week.

17. At all times, Defendant had knowledge of all hours Plaintiffs worked and directed Plaintiffs to work all hours herein alleged.

18. While employed, Defendant paid Plaintiffs no wages for overtime hours worked in excess of forty (40).

19. Defendant's failure to pay Plaintiffs for hours worked in excess of forty

3

(40) per week is in direct violation of the Federal and District of Columbia overtime pay requirement that required Defendant to pay Plaintiffs compensation at the rate of one-and-one-half times (1½ x) their regular hourly rate for all hours worked in excess of forty (40) per week.

20. At all times, Defendant had actual knowledge of the Federal and District of Columbia overtime pay requirement and had actual knowledge that the rate Defendant paid Plaintiffs for hours worked was in direct violation of the Federal and District of Columbia minimum wage and overtime pay requirement.

21. Defendant owes Bunthong unpaid overtime wages in the amount of about $35,000.00.

22. Defendant owes Chomdet unpaid overtime wages in the amount of about $10,000.00.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

23. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

24. The FLSA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

25. As set forth above, while in Defendant's employ, Defendant knowingly failed to pay Plaintiffs for overtime hours worked per week at an hourly rate in conformance with the FLSA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiffs under Count I for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by the FLSA, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

26. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

27. The DCMWA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

28. As set forth above, while in Defendant's employ, Defendant knowingly failed to pay Plaintiffs for overtime hours worked per week at an hourly rate in conformance with the DCMWA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiffs under Count II for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### DCWPA

29. Plaintiffs re-alleges and reasserts every allegation set forth above as if each were set forth herein.

30. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

31. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

32. Plaintiffs performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

33. Defendant owes Plaintiffs wages for work duties performed as set forth above.

34. Defendant's knowing and intentional failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

35. Defendant's failure to pay Plaintiffs all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Gregg C. Greenberg*

Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*