**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MANGKORN BUNTHONG | * |
| | * |
| And | * |
| | * |
| WUTTHICHAI CHOMDET | * |
| | * |
| And | * |
| | * |
| SUTHEP CHOMDET | * |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| | * |
| And | * |
| | * |
| BANGON CHOMDET | * |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| | * |
|     PLAINTIFFS | * |
| | * |
| v. | *   Case No.:  1:17-cv-00251 |
| | * |
| I-THAI, LLC | * |
| | * |
|     DEFENDANT. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

Plaintiffs Mankorn Bunthong ("Bunthong"), Wutthichai Chomdet ("W. Chomdet"), Suthep Chomdet ("S. Chomdet"), and Bangon Chomdet ("B. Chomdet") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their First Amended Complaint against Defendant I-Thai, LLC ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq*. ("DCWPA") and for other damages as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiffs are adult residents of Maryland and Virginia.

2. By participating as named plaintiff in this action, Plaintiffs hereby consent to participate in an action under the FLSA, DCMWA, and DCWPA and to recover all damages sought herein.

3. Defendant is a limited liability company formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4. At all times, Defendant operated continuously as a business entity in the District of Columbia.

5. More than 50% of Plaintiffs' job duties giving rise to this action occurred in the District of Columbia.

6. At all times, Defendant used and handled goods and products that traveled from outside the District of Columbia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, each year during Plaintiffs' employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiffs and other employees of Defendant were individual employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendant was Plaintiffs' "employer" for purposes of the FLSA, DCMWA, and DCWPA and for all other statutory relief sought in this matter.

10. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Bunthong was employed by Defendant as a cook for the period of about November 2015 through December 2016 (about 56 weeks).

12. While employed, Defendant paid Bunthong as a day-rate employee at a day rate that gradually increased from $70.00 a day to the highest rate of $100.00 per day.

13. While employed, Bunthong typically worked at or about seventy (70) hours per week.

14. W. Chomdet was employed by Defendant as a cook for the period of about July 2016 through about December 2016 (about 24 weeks).

15. While employed, Defendant paid W. Chomdet as a day-rate employee at a day rate of $110.00 per day.

16. While employed, W. Chomdet typically worked at or about sixty (60) hours per week.

17. S. Chomdet was employed by Defendant as a cook for the period of about

May 2015 through about December 2016 (about 85 weeks).

18. While employed, Defendant paid S. Chomdet as a day-rate employee at a day rate of $140.00 per day.

19. While employed, S. Chomdet typically worked about sixty (60) hours per week.

20. B. Chomdet was employed by Defendant as a cook for the period of about April 2014 through about December 2016 (about 141 weeks).

21. While employed, Defendant paid B. Chomdet as a day-rate employee at the rate of $140.00 per day.

22. While employed, B. Chomdet typically worked at or about sixty (60) hours per week.

23. At all times, Defendant had knowledge of all hours Plaintiffs worked and directed Plaintiffs to work all hours herein alleged.

24. While employed, Defendant paid Plaintiffs no wages for overtime hours worked in excess of forty (40).

25. Defendant's failure to pay Plaintiffs for hours worked in excess of forty (40) per week is in direct violation of the Federal and District of Columbia overtime pay requirement that required Defendant to pay Plaintiffs compensation at the rate of one-and-one-half times (1½ x) their regular hourly rate for all hours worked in excess of forty (40) per week.

26. At all times, Defendant had actual knowledge of the Federal and District of Columbia overtime pay requirement and had actual knowledge that the rate Defendant paid Plaintiffs for hours worked was in direct violation of the Federal and District of

Columbia minimum wage and overtime pay requirement.

27. Defendant owes Bunthong unpaid overtime wages in the amount of about $35,000.00.

28. Defendant owes W. Chomdet unpaid overtime wages in the amount of about $10,000.00.

29. Defendant owes S. Chomdet unpaid overtime wages in the amount of about $53,500.00.

30. Defendant owes B. Chomdet unpaid overtime wages in the amount of about $88,500.00.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

31. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

32. The FLSA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

33. As set forth above, while in Defendant's employ, Defendant knowingly failed to pay Plaintiffs for overtime hours worked per week at an hourly rate in conformance with the FLSA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiffs under Count I for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by the FLSA, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of

this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

34. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

35. The DCMWA mandates that an employer must pay employees for overtime hours (40+) at the overtime rate of the higher of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

36. As set forth above, while in Defendant's employ, Defendant knowingly failed to pay Plaintiffs for overtime hours worked per week at an hourly rate in conformance with the DCMWA overtime pay requirement.

WHEREFORE, Defendant is liable to Plaintiffs under Count II for all unpaid wages in such amounts as are proven at trial, liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### DCWPA

37. Plaintiffs re-alleges and reasserts every allegation set forth above as if each were set forth herein.

38. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

6

39. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

40. Plaintiffs performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

41. Defendant owes Plaintiffs wages for work duties performed as set forth above.

42. Defendant's knowing and intentional failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

43. Defendant's failure to pay Plaintiffs all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT IV**
**Violation of 26 U.S.C § 7434**
**(Private Right of Action)**

7

44. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

45. In each tax year during the period of Plaintiffs' employment, Defendant knowingly issued Plaintiffs incorrect IRS Form W-2 tax forms with denoted wages on the tax forms that were false and had no relationship to Plaintiffs' actual gross wages received while in Defendant's employment.

46. In each tax year, Defendant should have issued each Plaintiff a correct IRS Form W-2 tax form with the correct wages noted and calculated and the correct withholdings noted, calculated, and withheld.

47. At all times, Defendant had knowledge of the actual wages and withholdings for each Plaintiff in each tax year.

48. At all times, Defendant had actual knowledge that an IRS Form W-2 tax form with the correct wages noted and calculated and the correct withholdings noted, calculated, and withheld was the legally required tax form for each Plaintiff.

49. At all times, Defendant should have issued to each Plaintiff a correct and accurate IRS Form W-2 and not an IRS Form W-2 representing wages and withholdings representing an arbitrary and incorrect amount with no relationship to Plaintiffs' actual wages.

50. Defendant acted willfully and fraudulently to intentionally issue incorrect IRS Form W-2s to each Plaintiff in each tax year during and after their period of employment.

51. Defendant acted willfully to issue incorrect IRS Form W-2s to each Plaintiff so (1) to avoid paying the employer share of FICA and related employer tax withholdings; (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that otherwise adhered to their employer related tax obligations; (3) to attempt to hide the fact that

Defendant employed and paid wages to employees not authorized to work in the United States; and (4) to attempt to hide its ongoing overtime and wage payment violations for Plaintiffs and other employees.

WHEREFORE, Defendant is liable to each Plaintiff under Count IV in the statutory damages amount of $5,000.00 for each fraudulent information return, plus reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:  240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*